MICHELLE UZETA, SBN 164402
DANNY Y. YOO, SBN 251574
dyoo@hrc-la.org
HOUSING RIGHTS CENTER
Attorneys for Plaintiff
520 S. Virgil Avenue, Suite 400
Los Angeles, CA 90020
Tel: (213) 387-8400 ext. 34
Fax: (213) 381-8555

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, INC. dba HOUSING RIGHTS CENTER, INC., a non profit California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TERRI TREVILLIAN, an individual; CLARE TOMCZAK, an individual; and AMPERSAND PUBLISHING, LLC.<br><br>Defendants. | CASE NO. CV 09-4681 DMG (FMOx)<br><br>**CONSENT DECREE AND FINAL ORDER** |

## RECITALS

Plaintiff Southern California Housing Rights Center ("HRC") alleges in this case that Defendants Terri Trevillian and Clare Tomczak violated the Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA"), the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq. ("FEHA"), the California Unruh Act, Cal. Civ. Code § 51 et seq. ("Unruh Civil Rights Act") and other related state statutes. Specifically, Plaintiff alleges that Defendants have engaged in housing discrimination at the property located 3790 San Remo Drive, Santa Barbara, California 93105 (hereinafter, "subject property") by:

- Steering families with children to first-floor units;
- Lying about the availability of units to prospective tenants with children;
- Making statements of preference against families with children;
- Offering a discount based on age.

Defendants deny all liability and any wrongdoing and deny that any of their policies or practices have been discriminatory. It is understood and agreed that this Consent Decree and Order represent a compromise of disputed claims and that the consideration given is not to be construed as an admission of liability. Defendants, by this instrument, intend to avoid litigation and buy their peace. This Consent Decree and Order have been arrived at after thorough negotiations and represents the final, mutually agreeable compromise between the Parties.

It is hereby ORDERED, ADJUDGED and DECREED:

## I. TERM, JURISDICTION, AND DISMISSAL

A. The term of this Order shall be four (4) years from the date of entry.

B. Upon the entry of this Order, Plaintiff HRC shall dismiss the lawsuit against Defendant Terri Trevillian with prejudice. The Court, however, shall retain jurisdiction over this action for the purposes of enforcing the terms of this Consent Decree and Final Order.

## II. PROHIBITED ACTS

A. Defendant Terri Trevillian and her agents who manage the subject property shall not commit any of the following acts:

1. Refusing to rent a dwelling, refusing or failing to provide or offer information about a dwelling, or otherwise making unavailable or denying a dwelling to any person because of familial status or age;

2. Discouraging or encouraging prospective tenants from obtaining information about, viewing, applying to rent, or renting any dwelling, on the basis familial status or age;

3. Discriminating against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status or age;

4. Misrepresenting the availability of apartments for rent, or providing different information about the availability of apartments, on the basis or familial status or age;

5. Withholding information regarding the availability of apartments for rent on the basis of familial status or age;

6. Making, printing, publishing, posting or causing to be made, printed, published, or posted any notice, statement or advertisement with respect to the rental of a dwelling that indicates any preference, limitation or discrimination on the basis of familial status or age;

7. Steering persons seeking housing to particular units on the basis of familial status or age; or

8. Engaging in any discrimination in any aspect of the rental of dwellings which constitutes a violation of the FHA, FEHA, and/or the Unruh Civil Rights Act.

## III. FAIR HOUSING TRAINING

A. Defendant Terri Trevillian and her current and future agents who manage the subject property shall undergo a Department of Fair Employment and Housing certified fair housing training annually during the period of this Order. Defendant Trevillian shall provide to Plaintiff HRC proof of this training within ninety (90) days of the entry of this Order.

B. Defendant Terri Trevillian shall provide to her current and future agents who manage the subject property within the period of this Order a copy of this Order. Defendant Trevillian shall inform her current and future agents who manage the subject property that noncompliance with this Order may lead to sanctions imposed by the Court. Defendant Trevillian shall also obtain a signed

statement from her current agent who manages the subject property and any future such agent hired within the period of this Order in which the agent attests that he or she received, read, and understands the Order. Copies of such statements shall be provided to the HRC within 30 days of the date of entry of this Order for current employees and within 30 days of the beginning of the agency relationship for future agents.

IV. **ADVERTISING, PUBLIC NOTICE AND OUTREACH**

A. Defendants shall inform the public that vacant or available units at their properties are available without discrimination on any prohibited basis. This shall be accomplished by:

1. Posting in a conspicuous location on the grounds of the subject property, such as the business office of the subject property, a sign no smaller than 11 inches by 14 inches, which indicates that all units are available for rental on a nondiscriminatory basis. A Fair Housing poster issued by the California Department of Fair Employment and Housing ("DFEH") or that comports with United States Department of Housing and Urban Development ("HUD") regulations as set forth in 24 C.F.R. § 110.1, et seq. will satisfy this requirement;

2. Not advertising or offering a financial discount or incentive to prospective tenants based on age; and

3. Not making statements of preference to prospective tenants based on familial status and age, which includes, but not limited to, stating that second-level units are not available for families with children.

V. **SETTLEMENT PAYMENT**

A. Defendant Terri Trevillian shall make a one-time payment of $27,500.00 to the Plaintiff "Housing Rights Center," and delivered to Plaintiff's attorney Danny Yoo at 520 South Virgil Avenue, Suite 400, Los Angeles, California, 90020. This one-time payment shall constitute a compromise and

settlement of all claims of the Plaintiff for damages, costs, and attorneys' fees. This one-time payment shall be made no later than sixty (60) days after the entry of this order.

## VI. DISPUTE RESOLUTION

A. The parties agree to attempt to resolve in good faith any disputes that arise under the terms of this Order. In that regard, the parties agree to utilize a notice-to-cure procedure before applying to the Court for enforcement of any term of this Order. The parties agree to the following for a Notice-To-Cure with respect to any dispute that may arise:

    1. The party claiming a violation of any term of this Order will give written notice of the nature and extent of the alleged violation as follows: (a) written notice to the Housing Rights Center shall be given to Litigation Director, Housing Rights Center, 520 South Virgil Avenue, Suite 400, Los Angeles, CA 90020; and (b) written notice to Defendants shall be given to Melissa J. Fassett, Price, Postel & Parma LLP, 200 E. Carrillo Street, 4th Floor, Santa Barbara, CA 93101.

    2. The person receiving notice will have thirty (30) days to respond in writing to the Notice of the alleged violation, or cure such violation. If the person receiving the Notice does not respond or cure within 30 days, or if the parties cannot resolve the dispute concerning the alleged violation within 30 days thereafter, the party claiming a violation may bring a motion directly to this Court to enforce the provisions of this Consent Decree.

    3. The parties to this Order stipulate and agree that if the Court grants relief pursuant to a motion to enforce the provisions of the Consent Decree, the prevailing party is entitled to reasonable fees and costs incurred to bring the motion.

## VII. MUTUAL RELEASE

### A. RELEASE BY HRC OF DEFENDANT TERRI TREVILLIAN

For consideration set forth in this Order, HRC, for itself, its successors, heirs and assigns, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys fully and forever releases, acquits and forever discharges Terri Trevillian, and each and every one of her successors, heirs and assigns, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys of and from all claims, actions, causes of action, in law or in equity, legal or administrative, demands, rights, damages, costs, attorney's fees, expenses, and compensation of any nature whatsoever, whether known or unknown, foreseen or unforeseen, which the HRC may have now or which may hereafter accrue based upon, or which could have been based upon or arise from, any of the matters and facts alleged the First Amended Complaint filed by HRC in the matter of HRC v. Trevillian, et al., Case No. CV 09-4681.

### B. RELEASE BY DEFENDANT TERRI TREVILLIAN OF HRC

For consideration set forth in this Order, Terri Trevillian for herself, her successors, heirs and assigns, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys fully and forever release, acquit and forever discharge HRC, and each and every one of its successors, heirs and assigns, children, agents, employees, representatives, affiliates, partners, related entities, officers, directors, shareholders, insurers, and attorneys of and from all claims, actions, causes of action, in law or in equity, legal or administrative, demands, rights, damages, costs, attorney's fees, expenses, and compensation of any nature whatsoever, whether known or unknown, foreseen or unforeseen, which Terri Trevillian has now or which may hereafter accrue based upon, or which could have been based upon or

arise from, any of the matters and facts alleged in the First Amended Complaint filed by HRC in the matter of HRC v. Trevillian, et al., Case No. CV 09-4681.

C. This is intended as a full and complete release and discharge of any and all claims that HRC may or might have against Defendant Terri Trevillian, or vice-versa, except for claims to enforce this Order.

D. All rights under Section 1542 of the Civil Code of the State of California are hereby expressly waived. The undersigned understand that said Section 1542 of the Civil Code provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor.

## VIII. MISCELLANEOUS PROVISIONS

A. *Voluntary Entry into Agreement:* HRC and Terri Trevillian (hereinafter as "the Parties") acknowledge that they have signed this Order voluntarily and without coercion, intimidation or threat of retaliation. The Parties hereby acknowledge that they have had an adequate opportunity to have these documents reviewed by attorneys of their choice acting on their behalf and that the contents of these documents have been explained to them and that they understand them in full.

B. *Joint Drafting:* This Order has been drafted jointly by the Parties hereto, and they are not to be construed against any of the Parties. The Parties hereby waive California Civil Code section 1654, which reads: "IN CASES OF UNCERTAINTY NOT REMOVED BY THE PRECEDING RULES, THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST."

C. *Entire Understanding:* This Order contains the entire understanding of the Parties relating to its subject matter and supersedes all prior and collateral agreements, understandings, statements, and negotiations of the Parties. Each Party acknowledges that no representations, inducements, promises, or agreements, oral or written, with reference to the subject matter of this Order have been made other than as expressly set forth in this Order.

D. *No Amendment Except by Writing:* This Order may not be amended, modified or changed except by a writing signed by the Parties' counsel.

E. *Inurement:* The terms of this Order shall inure to the benefit of and be binding upon each of the Parties hereto and anyone claiming by, through or with them, including the Parties' respective agents, representatives, employees, successors, heirs, assigns, executors and administrators.

F. *Severability:* In the event that one or more of the covenants, agreements, terms or provisions contained in this Order shall be declared invalid, illegal or unenforceable in any respect, the validity of the remaining covenants, agreements, terms or provisions contained therein shall be in no way affected, prejudiced or disturbed thereby.

F. *Waiver:* No breach of any provision hereof can be waived by any Party hereto unless such waiver is in writing and signed by each Party's counsel. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

G. *No Admission of Liability:* The Parties recognize: (a) that this Order is entered into in pursuit of a final compromise of contested matters; (b) that neither this Order nor the payment or acceptance of any money pursuant to it, nor any documents executed in furtherance of it, represent an admission of liability by any Party to this Order.

H. *Choice of Law:* This Order shall in all respects be interpreted, enforced and governed by the laws of the State of California, without giving effect to California's choice of law principles, and by federal law.

I. *Headings:* The headings used herein are for convenience and reference only and are not intended to define, limit, or describe the scope or intent of any provision of this Order.

J. *Counterparts:* This Order may be executed in one or more counterparts, including facsimile copies thereof, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Order. All counterparts so executed shall constitute one Order binding on all of the Parties hereto notwithstanding that all of the Parties are not signatories to the same counterpart.

K. *Warranty of Authority:* Each Party warrants that the person executing this Order on its behalf has the authority to do so.

**IT IS SO ORDERED.**

Dated: April 13, 2010

Cc: Fiscal

---
HONORABLE DOLLY M. GEE
UNITED STATES DISTRICT JUDGE